Form G16

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> Bell and Arthur Condominium Association, Inc. | **DEFENDANTS** <br> Alan Alhomsi |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Justin R. Storer, Law Office of William J. Factor, Ltd., 105 W. Madison St., Suite 1500, Chicago, IL 60602 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ■ Debtor   □ U.S. Trustee/Bankruptcy Admin <br> □ Creditor  □ Other <br> □ Trustee | **PARTY** (Check One Box Only) <br> □ Debtor   □ U.S. Trustee/Bankruptcy Admin <br> □ Creditor  ■ Other <br> □ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Quiet title under IL state law, violation of automatic stay (11 U.S.C. 362), violation of plan confirmation order (11 U.S.C. 1141), avoidance of lien as unauthorized transfer of estate property (11 U.S.C. 549).

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
■ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
■ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ■ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ tbd |
| Other Relief Sought <br> Avoidance of lien | |

**B1040 (FORM 1040) (12/15)**

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Bell and Arthur Condominium Association, Inc. | | BANKRUPTCY CASE NO.<br>22-00410 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Illinois | | DIVISION OFFICE<br>Eastern | NAME OF JUDGE<br>Hon. Carol A. Doyle |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Justin R. Storer | | | |
| DATE<br>3/15/23 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Justin R. Storer | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **Bell and Arthur Condominium Association, Inc.**, | Bankruptcy No. 22-00410 |
| Debtor. | Honorable Carol A. Doyle |
| **Bell and Arthur Condominium Association, Inc.**, | |
| Plaintiff, | |
| v. | Adversary No. 23-_____ |
| **Alan Alhomsi**, | |
| Defendant. | |

**VERIFIED COMPLAINT**

1.  Subsequent to confirmation of the Debtor's plan and an eviction judgment's being entered against him and his spouse, Alan Alhomsi (the "Defendant") filed a false, fraudulent, fictitious, and bogus lien against the Debtor on the Cook County Clerk's ledger of recorded documents. A copy of this "lien" is attached as <u>Exhibit A</u>.

{00213614}

2. This filing is one aspect of his ongoing paper terrorism campaign against the Debtor – the condominium association charged with maintaining the property in which the Defendant, as of this writing, still resides.[1]

3. In an indirect fashion, it was the Defendant's litigation against the Debtor that necessitated its bankruptcy. By way of meretricious pleadings, the Defendant caused the brief appointment of a receiver, and hundreds of thousands of dollars of insurance defense claims against the Debtor.

4. With the Debtor having – at long last – obtained an eviction judgment against the Defendant, the Defendant continues his campaign of harassment.

5. The Debtor now brings this complaint to obtain an order, in recordable form, avoiding the "Notice of Lien" recorded at document number 2302634042 at the Cook County Clerk's Ledger of Recorded Documents by quiet title, as a violation of the automatic stay, and as a violation of the Debtor's plan confirmation order (though, to be clear, the Debtor did not owe the Defendant any debt, at any time). The Debtor also seeks damages, including sanctions and attorneys' fees.

---

[1] "Paper terrorism" is "a neologism to refer to the use of false liens, frivolous lawsuits… and other legal documents lacking sound factual basis as a method of harassment." https://en.wikipedia.org/wiki/Paper_terrorism, accessed 3/13/23. Most-famously employed by the sovereign citizen movement, paper terrorism "includes filing frivolous lawsuits and convoluted court filings, including rambling and nonsensical court filings, ostensibly to intimidate, harass, and wear down" the counterparty. Robert Chamberlain and Donald P. Haider-Markel, *"Lien on Me:" State Policy Innovation in Response to Paper Terrorism*, Vol. 58, Issue 3, Political Research Quarterly, pg. 449, pub'd 9/1/2005.

## JURISDICTION AND VENUE

6. This adversary proceeding arises in the chapter 11 bankruptcy case of Bell and Arthur Condominium Association, Inc., pending before this Court as case number 22-00410.

7. Pursuant to 28 U.S.C. § 1334(b), this Court has subject matter jurisdiction over this proceeding, which is referred here pursuant to 28 U.S.C. § 157(b) and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

8. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (b)(2)(B), (b)(2)(K), and (b)(2)(O).

9. This Court has constitutional authority to enter final judgments and orders herein.

10. If a court determines that any portion of this proceeding is not a core proceeding or that a bankruptcy judge does not have constitutional authority to enter final judgments in this proceeding, the Debtor consents, pursuant to 28 U.S.C. § 157(c), to a bankruptcy judge hearing and finally determining the proceeding and entering appropriate orders and judgments.

11. This Court is the proper venue for this adversary proceeding pursuant to 28 U.S.C. §§ 1408 and 1409.

## GENERAL ALLEGATIONS

### 1. Alan Alhomsi's frivolous litigation.

12. The Defendant, and his wife, Nawaar Alhomsi, moved into their unit, as shareholders of the Debtor, in 2014.[2]

13. In time, the Defendant brought case 2017-L-3486 at the Circuit Court of Cook County against the Association and its board, and various other parties, advancing various allegations of fraud and theft, breach of management, defamation of character, and other claims. A copy of that complaint is attached as Exhibit B.

14. Attendant to the litigation, the Defendant was briefly able to serve as the sole member of the Debtor's board.[3] Arising from the Defendant's contestation of the election of new board members under the Circuit Court's oversight, Phoenix Rising Management was appointed custodian, leading to a claim against the Debtor in excess of $68,000.00.

15. As detailed elsewhere in the bankruptcy case, various insurers defended the Debtor in connection with this litigation under a reservation of rights. Unsurprisingly, these insurers ultimately sought to assert that their policies did not cover the dispute at issue, leading to several suits against the Debtor and – in aggregate – the greater body of the Debtor's debts, leading it into bankruptcy.

---

[2] On information and belief, the Defendant also goes by the name Alaa Awary.

[3] As later held in an unpublished opinion by the Illinois Court of Appeals, "The circuit court erred by relying on Alhomsi's affidavit when it entered the January 10, 2019 TRO." *Alhomsi v. Bell and Arthur Condominium Association*, 2019 WL 2343908 at *6 (Ill. App. 1st. 2019).

## 2. The Debtor's bankruptcy case.

16. As a result of the foregoing, the Debtor filed its chapter 11 (subchapter V) bankruptcy petition on January 13, 2022.

17. With no creditor voting against the plan, its plan was confirmed, pursuant to 11 U.S.C. § 1191(b), on July 1, 2022.

18. The plan provided, broadly, that the Debtor would pay administrative fees and allowed secured claims (a loan secured by future assessments and a water bill), and a dividend between six and seven percent to allowed unsecured claims.

19. The Defendant does not have any claim against the Debtor, which owes the Defendant no debt.

20. On May 9, 2022, the COVID-19 moratorium lifting, the Debtor was able to bring eviction case 2022-m1-706891 at the Circuit Court of Cook County, against the Defendant and Nawaar Alhomsi; an eviction judgment was entered against them. See attached Exhibit C.

21. The Defendant retaliated by, among other things, filing the "Notice of Lien" now at issue, and reporting to the Chicago Police Department that the Debtor's registered agent was stealing the Defendant's mail.

22. Along the way, the Defendant's action against the Debtor was, at long last, dismissed with prejudice. See attached Exhibit D.

## COUNT 1 – QUIET TITLE

23. The Debtor incorporates the previous allegations of this complaint as though fully set forth in this count.

24. The Debtor pleads this count in the alternative to the extent the relief or the allegations contradict anything else contained in this complaint.

25. The Defendant's false lien unjustly interferes with the Debtor's interest in the property; at least one sale of a unit has already fallen through as a result of the Defendant's false lien.

26. The Defendant has no interest in the association, and the association owes him no debt, and so his false lien stands as a cloud on title with reference to the association and its property.

27. Furthermore, pursuant to 11 U.S.C. § 105(a), this Court may enter any order necessary or appropriate to carry out the provisions of the Bankruptcy Code.

**Wherefore**, the Debtor requests that this Court enter judgment in its favor and against Alan Alhomsi, in a form that can be recorded at the Cook County Clerk's ledger of recorded documents, avoiding the "Notice of Lien" recorded at document number 2302634042, and entering other relief that this Court deems just and proper. The Debtor also seeks damages, at an amount to be determined at trial.

### COUNT 2 – VIOLATION OF AUTOMATIC STAY

28. The Debtor incorporates the previous allegations of this complaint as though fully set forth in this count.

29. The Debtor pleads this count in the alternative to the extent the relief or the allegations contradict anything else contained in this complaint.

30. Pursuant to 11 U.S.C. § 1192, the Debtor will obtain a discharge at the conclusion of payments under its chapter 11 plan.

31. Consequently, the automatic stay still binds creditors of the Debtor from collection as against the Debtor, even if property of the estate has already revested in the Debtor.

32. Pursuant to 11 U.S.C. § 362(a)(1), the filing of a bankruptcy petition operates as a stay against the commencement or continuation of a judicial, administrative, or other action or proceeding against the Debtor that was or could have been commenced before the commencement of the case, or to recover a claim against the Debtor that arose before the commencement of the case.

33. Pursuant to 11 U.S.C. § 362(a)(2), the filing of a bankruptcy petition operates as a stay against the enforcement, against the debtor, of a judgment obtained before the commencement of the case.

34. Pursuant to 11 U.S.C. § 362(a)(6), the filing of a bankruptcy petition operates as a stay against any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case.

35. Consequently, the Defendant's recording his false lien is an attempt to collect a claim (albeit, false and nonexistent) as a liability of the Debtor, and is stayed by 11 U.S.C. § 362(c)(2) even postconfirmation.

36. Furthermore, pursuant to 11 U.S.C. § 105(a), this Court may enter any order necessary or appropriate to carry out the provisions of the Bankruptcy Code.

**Wherefore**, the Debtor requests that this Court enter judgment in its favor and against Alan Alhomsi, in a form that can be recorded at the Cook County Clerk's ledger of recorded documents, avoiding the "Notice of Lien" recorded at

{00213614} —7—

document number 2302634042, and entering other relief that this Court deems just and proper. The Debtor also seeks damages, at an amount to be determined at trial.

### COUNT 3 – VIOLATION OF PLAN CONFIRMATION ORDER

37. The Debtor incorporates the previous allegations of this complaint as though fully set forth in this count.

38. The Debtor pleads this count in the alternative to the extent the relief or the allegations contradict anything else contained in this complaint.

39. Pursuant to 11 U.S.C. § 1141(c), except subject to exceptions not here relevant, after confirmation of the plan, the property dealt with by the plan is free and clear of all claims and interests of creditors.

40. The Defendant's recording his false lien is an attempt to assert an interest in property which is, in fact, free and clear of all claims and interests of creditors.

41. Furthermore, pursuant to 11 U.S.C. § 105(a), this Court may enter any order necessary or appropriate to carry out the provisions of the Bankruptcy Code.

**Wherefore**, the Debtor requests that this Court enter judgment in its favor and against Alan Alhomsi, in a form that can be recorded at the Cook County Clerk's ledger of recorded documents, avoiding the "Notice of Lien" recorded at document number 2302634042, and entering other relief that this Court deems just and proper. The Debtor also seeks damages, at an amount to be determined at trial.

## COUNT 4 – AVOIDANCE OF POSTPETITION TRANSACTION (ESTATE PROPERTY)

42. The Debtor incorporates the previous allegations of this complaint as though fully set forth in this count.

43. The Debtor pleads this count in the alternative to the extent the relief or the allegations contradict anything else contained in this complaint.

44. To whatever extent the bankruptcy estate continues to exist in some form, postconfirmation, the submission of the fraudulent lien constitutes a transfer of estate property without Bankruptcy Court authority, that was not authorized under the Bankruptcy Code or by the Court. As such, it is subject to avoidance under 11 U.S.C. § 549(a).

45. Furthermore, pursuant to 11 U.S.C. § 105(a), this Court may enter any order necessary or appropriate to carry out the provisions of the Bankruptcy Code.

**Wherefore**, the Debtor requests that this Court enter judgment in its favor and against Alan Alhomsi, in a form that can be recorded at the Cook County Clerk's ledger of recorded documents, avoiding the "Notice of Lien" recorded at document number 2302634042, and entering other relief that this Court deems just and proper. The Debtor also seeks damages, at an amount to be determined at trial.

## COUNT 5 – VIOLATION OF AUTOMATIC STAY (ESTATE PROPERTY)

46. The Debtor incorporates the previous allegations of this complaint as though fully set forth in this count.

47. The Debtor pleads this count in the alternative to the extent the relief or the allegations contradict anything else contained in this complaint.

48. Pursuant to 11 U.S.C. § 362(a)(2), the filing of a bankruptcy petition operates as a stay against the enforcement, against property of the estate, of a judgment obtained before the commencement of the case.

49. Pursuant to 11 U.S.C. § 362(a)(3), the filing of a bankruptcy petition operates as a stay against any act to obtain possession of property of the estate or property from the estate, or to exercise control over property of the estate.

50. Pursuant to 11 U.S.C. § 362(a)(4), the filing of a bankruptcy petition operates as a stay against any act to create, perfect, or enforce any lien against property of the estate.

51. To whatever extent the bankruptcy estate continues to exist, in some form, postconfirmation, the submission of the fraudulent lien constitutes a violation of the automatic stay, and is void, pursuant to the foregoing.

52. Furthermore, pursuant to 11 U.S.C. § 105(a), this Court may enter any order necessary or appropriate to carry out the provisions of the Bankruptcy Code.

**Wherefore**, the Debtor requests that this Court enter judgment in its favor and against Alan Alhomsi, in a form that can be recorded at the Cook County Clerk's ledger of recorded documents, avoiding the "Notice of Lien" recorded at document number 2302634042, and entering other relief that this Court deems just and proper. The Debtor also seeks damages, at an amount to be determined at trial.

Dated: March 14, 2023

Respectfully submitted,

**Bell and Arthur Condominium Association, Inc.**

By: /s/ Justin R. Storer
One of Its Attorneys

Justin Storer (6293889)
**FACTORLAW**
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Tel:    (312) 373-7226
Fax:    (847) 574-8233
E-mail: jstorer@wfactorlaw.com

## VERIFICATION

I verify under penalty of perjury that the foregoing is true and correct. Executed on March 14, 2023.

_____
Bell and Arthur Condominium
Association, Inc., by Michael Mento

{00213614}